UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAITLYN SWINDLE,**

    **Plaintiff,**

vs.

**SSRM VB, LLC**
**d/b/a DUNKIN,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KAITLYN SWINDLE, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, SSRM VB, LLC d/b/a DUNKIN hereafter referred to as "DEFENDANT" and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

**PARTIES**

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant is a Florida corporation, authorized and doing business in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

6. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

7. Plaintiff requests a jury trial for all issues so triable.

## FACTS

8. Plaintiff began her employment on or about July 16, 2019 as an hourly crew member.

9. In or about March 2020, Plaintiff informed her co-workers and general manager she was pregnant.

10. On August 4, 2020, Plaintiff was awarded and recognized as the employee of the month.

11. Shortly thereafter, on August 17, 2020, Plaintiff was promoted to the position of Shift Leader.

12. Around this time due to Plaintiff's pregnancy her doctor recommended she sit in a chair as necessary. Plaintiff informed her then manager of her need for an accommodation. Plaintiff's then manager provided her with a chair for her to utilize as necessary.

13. On August 28, 2020, Plaintiff's general manager departed for a new store location.

14. A new general manager began on Monday September 7, 2020. The new general manager also informed Plaintiff it was okay for her to use a chair, as necessary.

15. On September 14, 2020, Plaintiff was for the first time told by her assistant manager that she could no longer sit in the chair. Plaintiff informed the assistant manager that the law allowed her to use the chair, to which the assistant manager responded "I don't have time for this"

expressing frustration.

16. Later that day the assistant manager approached Plaintiff and informed her that if she wanted to use a chair she would need a note from her doctor.

17. Plaintiff obtained a note from her doctor that same day and provided it to her manager the following workday.

18. After Plaintiff provided the note, she received a call from her assistant manager at home telling her she was just a shift leader and she was overstepping, referencing Plaintiff telling her about the law and use of the chair.

19. On September 21, 2020, Plaintiff was called into a meeting with three managers and informed that the company would no longer accommodate her use of the chair and criticized her for telling them that the law allowed it.

20. On September 30, 2020, Plaintiff began experiencing additional medical complications due to her pregnancy and required emergency medical appointments.

21. Plaintiff returned to work on October 5, 2020.

22. On October 9, 2020, Plaintiff received a call at home informing her that she would no longer be a shift leader, telling Plaintiff it was because she was missing time and shifts, which was due to Plaintiff's FMLA protected pregnancy and its complications.

23. When Plaintiff challenged her about the decision and informed her she would be taking her maternity leave, Plaintiff's manager responded "you can go ahead and go on your maternity leave, and honestly, I have seven different write-ups on you, you don't have to worry about coming back".

24. She then explained that these so called "write ups" which Plaintiff never received or

heard about were based on Plaintiff missing shifts, which were due to Plaintiff's pregnancy and its complications.

25. Defendant failed to provide Plaintiff with a Notice of Rights and Responsibilities as required by the FMLA.

26. Plaintiff has filed a Charge of Discrimination with the EEOC and FCHR and will move to amend this Complaint to add those claims once she has complied with her administrative prerequisites.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

28. Defendant's actions interfered with Plaintiff's rights under the FMLA.

29. Defendant's actions constitute violations of the FMLA.

30. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

    a. Back pay and benefits;

    b. Interest;

    c. Liquidated damages;

    d. Attorney's fees and costs;

    e. Equitable relief;

    f. Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

31. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 26.

32. Defendant retaliated against Plaintiff for asserting her FMLA rights.

33. Defendant's actions constitute violations of the FMLA.

34. As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 27th day of January 2021.

>            FLORIN GRAY BOUZAS OWENS, LLC
>
>            /s/Wolfgang M. Florin
>            Wolfgang M. Florin
>            Florida Bar No. 907804
>            wolfgang@fgbolaw.com
>            Christopher D. Gray
>            Florida Bar No.: 0902004
>            chris@fgbolaw.com
>            16524 Pointe Village Drive, Suite 100
>            Lutz, FL 33558
>            Telephone (727) 254-5255
>            Facsimile (727) 483-7942
>            Attorneys for Plaintiff